# EXHIBIT A

7/28/2020 11:17 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44881997
By: Lisa Thomas
Filed: 7/28/2020 11:17 AM

# 2020-44610 / Court: 061

## CAUSE NO. _____

| | | |
|---|---|---|
| RONALD SIEGEL, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| KROGER TEXAS, L.P., | § | |
| *Defendant.* | § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RONALD SIEGEL, PLAINTIFF (hereinafter, "Plaintiff"), in the above-styled cause, and files this Plaintiff's Original Petition, Jury Demand, and Requests for Disclosure, complaining of and against KROGER TEXAS, L.P., DEFENDANT (hereinafter, "Defendant"), and for cause of action would respectfully show unto the Honorable Court in support thereof the following:

## I. PARTIES

1.1 PLAINTIFF, RONALD SIEGEL, is an individual residing in Harris County, Texas.

1.2 DEFENDANT, KROGER TEXAS, L.P., is a foreign limited partnership with its principal place of business in Hamilton County, Ohio. It is registered to do business in Texas and thereby may be served with process through its registered agent in the State of Texas, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## II. JURISDICTION AND VENUE

2.1     This Court has jurisdiction over this original civil action because Plaintiff seeks damages in an amount exceeding the Court's minimum jurisdictional limits.

2.2     Pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code, venue is proper in Harris County, Texas because Harris County, Texas is the county in which all or a substantial part of the events or omissions giving rise to the occurrence that forms the basis of the above-styled cause took place.

2.3     Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff only seeks monetary damages of $200,000.00 to $1,000,000.00, including damages of any kind, penalties, costs, expenses, and pre-judgment interest.

## III. DISCOVERY CONTROL PLAN

3.1     Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff seeks a Level 2 Discovery Control Plan.

## IV. FACTS

4.1     On or about November 22, 2019, Plaintiff was an invitee at Defendant's premises, a grocery store. As Plaintiff entered the store, he lacerated his leg on an errant branch of a Christmas tree displayed in a set. The display was dimly lit. Plaintiff suffered serious injuries as a direct and proximate result of Defendant's negligence, specifically as a result of Defendant's failure to warn or make safe dangerous conditions about which it knew or could have discovered with a reasonable inspection. The danger was not open and obvious to Plaintiff.

## V. CAUSES OF ACTION

### *PREMISES LIABILITY*

5.1    Defendant, as a premises owner, owed its invitees a duty to make safe its premises and warn of all dangerous conditions about which it knew or could have discovered with a reasonable inspection. Defendant breached this duty when it:

    a.    erected Christmas trees close together;

    b.    dimly lit the area around the trees;

    c.    located these trees around places of ingress and egress of the premises' store; and

    d.    did not inspect the trees or sharp, protruding branches that could have caused – and did in fact cause – lacerations and other injuries to invitees.

5.2    As a proximate result of these breaches of Defendant's duty owed to invitees such as Plaintiff, the latter has suffered severe and grievous injuries.

## VI. DAMAGES

6.1    As a result of the occurrence made the basis of the above-styled cause, as detailed above, and as a proximate result of the Defendant's premises liability, Plaintiff has suffered injuries and will likely to suffer additional damages in the future, and is entitled to recover:

    a.    past medical bills and expenses incurred as a proximate result of the accident that forms the basis of the above-styled cause;

---

b.     future medical bills and expenses that, in all reasonable probability, will be incurred as a proximate result of the occurrence that forms the basis of the above-styled cause;

c.     physical pain and suffering in the past;

d.     physical pain and suffering that, in all reasonable probability, will be incurred as a proximate result of the occurrence that forms the basis of the above-styled cause;

e.     mental anguish in the past;

f.     mental anguish that, in all reasonable probability, will be incurred as a proximate result of the occurrence that forms the basis of the above-styled cause;

g.     physical disfigurement in the past;

h.     physical disfigurement that, in all reasonable probability, will be incurred as a proximate result of the occurrence that forms the basis of the above-styled cause;

i.     lost wages;

j.     loss earning capacity;

k.     pre-judgment interest;

l.     post-judgment interest;

m.     costs of court; and

n.   such other and further items of damages as may be supplemented as a result of the discovery performed in this suit.

## VII. REQUESTS FOR DISCLOSURE

7.1   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this Request, the information or material described in Rule 194.2.

## VIII. CONDITIONS PRECEDENT

8.1   All applicable conditions precedent, if any, to Plaintiff's right to sue and recover all applicable damages have been performed or otherwise occurred.

## IX. JURY DEMAND

9.1   Plaintiff requests a jury for all issues presented herein, and the appropriate jury fee has been paid.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant answers allegations contained herein, and, upon trial thereof, Plaintiff has and recovers judgment against Defendant for all damages and injuries suffered and incurred, including damages of any kind, for pre-judgment interest, for interest on the judgment, for court costs, and for any and all further such relief, general or special, either at law or in equity, to which the Court establishes Plaintiff is entitled.

Respectfully submitted,

ROBERTS MARKLAND LLP

By:    */s/ R. Clive Markland*
         R. Clive Markland
         State Bar No. 24027475
         Noah M. Horwitz
         State Bar No. 24116537
         2555 N. MacGregor Way
         Houston, Texas 77004
         Telephone:  713.630.0900
         Facsimile:  713.630.0991
         Email: cm@robertsmarkland.com
         Email: nh@robertsmarkland.com
         Email: eservice@robertsmarkland.com

         -and-

HOOF LAW FIRM, PLLC

By:    */s/ Kimberly Hoof*
         Kimberly Hoof
         State Bar No. 24090170
         9800 Centre Parkway, Suite 860
         Houston, Texas 77036
         Telephone:  832.404.2964
         Facsimile:  832.529.2597
         Email: lawyer@hooflawfirm.com

         **ATTORNEYS FOR PLAINTIFF**

## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the designation of electronic service email address for the above attorney(s) for all electronically served documents and notices, filed and unfiled pursuant to Tex. R. Civ. P. 21(f)(2) and 21(a): eservice@robertsmarkland.com. This is the ONLY electronic service email address for the above attorney(s), and service through any other email address will be considered invalid.